UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LEVELL DOUGHTY                                      CIVIL ACTION

VERSUS                                              NO: 11-1279

STATE OF LOUISIANA                                  SECTION: R

**ORDER AND REASONS**

Before the Court are Levell Doughty's Petition for a Writ of Habeas Corpus,[1] his response to the Magistrate Judge's Report and Recommendation,[2] and his motion to stay these proceedings until his state claims are fully exhausted or, in the alternative, to dismiss unexhausted claims and submit a brief in support of his exhausted claim.[3] The Court, having reviewed *de novo* the petition, the motion, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and Doughty's objections thereto, hereby approves the Magistrate Judge's recommendation as modified herein.

A federal court may not grant habeas relief unless the petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement "is not satisfied ... where the petitioner presents new legal theories or

---

[1]   R. Doc. 1.

[2]   R. Doc. 13.

[3]   R. Doc. 14.

factual claims in his federal habeas petition." *Smith v. Quarterman*, 515 F.3d 392, 402 (5th Cir. 2008) (quoting *Neville v. Dretke*, 423 F.3d 474, 478 (5th Cir. 2005)). Doughty does not offer any specific objections to the Magistrate Judge's finding that he has failed to exhaust his state court remedies as to all but one of his claims. Rather, Doughty asks the Court to hold his federal habeas proceedings in abeyance so that he can have the opportunity to pursue his unexhausted claims in state court. In the alternative, he seeks dismissal of his unexhausted claims and leave to file a brief in support of his remaining exhausted claim.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court explained that, if presented with an application that contains both exhausted and unexhausted claims, a district court may stay and abate the federal proceeding to allow the defendant to return to state court to exhaust the necessary claims. *Id.* at 277. The stay allows the petitioner to return to federal court once the state court has adjudicated the unexhausted claims because it tolls AEDPA's one-year statute of limitations, which would otherwise likely bar federal relief following the state court's resolution of the unexhausted claims. *See id.* at 274-76; 28 U.S.C. § 2444(d)(2). *Rhines* explained, however, that a stay should be granted only "in limited circumstances." *Rhines*, 544 U.S. at 277. "Because granting a stay effectively excuses a

2

petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

The Court finds that this is not one of the "limited circumstances" in which a stay is warranted under *Rhines*. Doughty has not shown good cause for his failure to exhaust; indeed, he has not offered any reasons at all. As such, the Court denies his motion for a stay. The Court grants Doughty's alternative request to dismiss the unexhausted claims and proceed on the exhausted claims only. *See id.* at 278 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.").

Accordingly,

IT IS ORDERED that Doughty's unexhausted claims are hereby dismissed with prejudice, and the matter is remanded to the Magistrate for review of petitioner's exhausted claim only. Doughty shall have 30 days from the entry of this Order to submit

a brief in support of that exhausted claim.[4]

New Orleans, Louisiana, this 2nd day of April, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[4] The Court will refrain from issuing or denying a Certificate of Appealability until rendering a final order in this case. *See United States v. Morris*, 229 Fed. Appx. 308, 309 (5th Cir. 2007) (finding that because the district court did not rule on and ordered further briefing on one of petitioner's habeas claims, the judgment denying his other claims was not a final order, and appellate jurisdiction did not exist).